FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 24, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-03090-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 13. Attorney Nicholas David Jordan represents Rebecca F. (Plaintiff); Special Assistant United States Attorney Erin Frances Highland represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES,** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on May 20, 2014. Tr. 86-87. She alleged her disability began on April 20, 2010 on her application for DIB, Tr. 223, and May

ORDER GRANTING DEFENDANT'S MOTION - 1

15, 2011 on her application for SSI, Tr. 230.[1]  She stated that the following physical and mental conditions limited her ability to work: bilateral arm pain and numbness; neck injury; chronic migraines; anxiety attacks; depression; and right shoulder pain.  Tr. 318.  The applications were denied initially and upon reconsideration.  Tr. 147-67.  Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on August 25, 2016 and heard testimony from Plaintiff and vocational expert Kimberly S. Mullinax.  Tr. 46-69.  The ALJ issued an unfavorable decision on April 4, 2014.  Tr. 15-30.  The Appeals Council denied review on April 13, 2018.  Tr. 1-5.  The ALJ's April 4, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c).  Plaintiff filed this action for judicial review on May 31, 2018.  ECF Nos. 1, 4.

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 41 years old at the alleged date of onset.  Tr. 230.  She reported that she completed three years of college in 2005.  Tr. 319.  Her reported work history includes attendant counselor II.  Tr. 320.  When applying for benefits Plaintiff reported that she stopped working on May 15, 2011 because of her conditions and because of other reasons, stating the following:

> Injury occurred on 4/20/2010, but tried to continue working through pain.  Given light duty work, but then let go due to inability to do the job with injury.  Just prio[r] to being let go on 5/24/12, I lost insurance and was unable to go to the doctor and chiropractor and the pain got worse.

---

[1]The ALJ consistently identified the alleged date of onset as May 15, 2011 in his decision.  Tr. 15-30.  Plaintiff does not challenge this onset date.  ECF No. 12.

Tr. 319.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments

prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled". 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 4, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from May 15, 2011 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 15, 2011, the alleged date of onset. Tr. 17.

At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and migraine headaches. Tr. 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> [T]he claimant can frequently climb stairs. The claimant can never climb ladders. The claimant can frequently stoop and crouch. The claimant can occasionally crawl. The claimant can reach in all planes occasionally. The claimant should avoid concentrated exposure to excess vibration and workplace hazards. The claimant should avoid loud noise. The claimant should avoid concentrated exposure to pollutants, fumes, gases, and dusts.

Tr. 22-23. The ALJ identified Plaintiff's past relevant work as home attendant and

found that she could not perform this past relevant work. Tr. 28.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of furniture rental consultant, counter clerk, and conveyor line bakery worker. Tr. 29-30. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from May 15, 2011, through the date of the ALJ's decision. Tr. 30.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's mental health conditions severe at step two, (2) failing to properly weigh Plaintiff's symptom statements, (3) failing to properly weigh the medical opinions in the record, and (4) failing to make a proper step five determination.

**DISCUSSION[2]**

**1. Step Two**

Plaintiff challenges the ALJ's step two finding that her mental health impairments were not severe. ECF No. 12 at 8-11.

The step two analysis is "a de minimis screening device used to dispose of

---

[2] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

ORDER GRANTING DEFENDANT'S MOTION - 5

groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

The ALJ acknowledged evidence of Plaintiff's depression. Tr. 18. In doing so, the ALJ summarized the medical evidence and weighed the medical opinions of Michael Friedman, D.O., Jorge Torres-Sáenz Psy.D., Ronald Dougherty, Ph.D., Ronald G. Early, Ph.D., and Andrew D. Whitmont, Ph.D. Tr. 18-22. Plaintiff challenges the ALJ's determination by asserting that he applied an unduly high standard of proof when determining whether her mental health impairments were severe. ECF No. 12 at 10. However, the ALJ found that Plaintiff's depression "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." Tr. 18. The ALJ applied the correct standard.

Additionally, Plaintiff's challenge to the ALJ's determination cites to the same medical evidence and opinions addressed by the ALJ. Tr. 18-22; ECF No. 12 at 8-11. Specifically, the ALJ rejected the opinion of Dr. Whitmont and part of the opinion from Dr. Early. Tr. 20. The ALJ provided legally sufficient reasons to reject these opinions. *See infra*. Therefore, Plaintiff's challenge to the step two determination is an alternative interpretation of the evidence; in which case, the view taken by the ALJ must stand. *See Sprague*, 812 F.2d at 1229-30 (If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.); *Burch v. Barnhart*, 400 F.3d 676, 679 ("Where evidence is

susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citation omitted) (emphasis added); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("Where the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the ALJ. . .") (citation and alteration omitted). Therefore, the Court will not disturb the ALJ's step two determination.

## 2. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 12 at 11-13.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 24. Specifically, the ALJ found that (1) Plaintiff's alleged symptoms were inconsistent with the medical evidence, (2) the reason she gave for leaving school was not supported in the record, and (3) her alleged symptoms were inconsistent with her admitted activities. Tr. 28.

Plaintiff only challenges the ALJ's determination that her statements were inconsistent with the medical evidence. ECF No. 12 at 11-13. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec.*

*Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole reason for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff's challenge to the ALJ's determination that her alleged severity of symptoms was not supported in the record consists of arguing that the ALJ failed to provide the specificity required in *Lester*. ECF No. 12 at 11-13. Here, the ALJ summarized Plaintiff's statements, Tr. 23, found that her alleged severity of symptoms was not consistent with the medical evidence and other evidence in the record, Tr. 24, then summarized the medical evidence, Tr. 24-25. Later on in the decision, the ALJ again found Plaintiff's allegations were inconsistent with her treatment notes suggesting she was functional and citing to specific records. Tr. 28. However, the ALJ failed to state how these specific citations were inconsistent with Plaintiff's symptom statements. The Ninth Circuit has found that "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. Therefore, this reason failed to meet the specific, clear and convincing standard.

Despite this reason not meeting the required legal standard, any error would be harmless as the ALJ provided two other reasons for rejecting Plaintiff's symptom statements. Tr. 28. Plaintiff failed to challenge these other two reasons. ECF No. 12 at 8-11. Therefore, the Court is not required to address these reasons. *See Carmickle*, 533 F.3d at 1161 n.2. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the

> court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[3] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the Court will not disturb the ALJ's determination regarding Plaintiff's symptom statements. *See Carmickle*, 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record).

### 3. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Kenneth Briggs, D.C., David A. Bullock, P.T., and Dr. Whitmont. ECF No. 12 at 13-16.

The Regulations make a distinction between acceptable medical sources and nonacceptable medical sources. 20 C.F.R. §§ 404.1502, 416.902. To reject the

---

[3]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to Fed. R. App. P. 28(a)(8)(A).

ORDER GRANTING DEFENDANT'S MOTION - 9

opinion of an acceptable medical source who treats or examines a claimant, an ALJ is required to provide clear and convincing reasons if the opinion is uncontradicted or specific and legitimate reasons if the opinion is contradicted. *Lester*, 81 F.3d at 830-31. To reject the opinion of a nonacceptable medical source, an ALJ need only provide germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Chiropractors and physical therapists were knowingly omitted from the list of acceptable medical sources when the Regulations were revised just prior to the ALJ's April 4, 2017 decision. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5846-47 (January 18, 2017). Therefore, the ALJ was only required to provide germane reasons to reject the opinions of Dr. Briggs and Mr. Bullock.

### A. Kenneth Briggs, D.C.

Dr. Briggs responded to an Independent Medical Examination (IME) performed at the request of the Department of Labor and Industries on February 7, 2012. Tr. 712. He stated that he mostly agreed with the November 18, 2011 IME but that he disagreed with the cervical spine impairment rating. *Id*. The IME rated Plaintiff's cervical spine impairment as a Category 1, but Dr. Briggs opined that the rating should have been a Category 3 based on imaging and range of motion testing. *Id*.

The ALJ found that to the extent that Dr. Briggs' letter constituted an opinion, he assigned it little weight because (1) it was "based upon a different evaluation of the claimant's impairment and constitutes a disability rating with respect to her workers' compensation claim" and (2) "such objection did not contain a function by function assessment of the claimant's functional abilities." Tr. 27. Plaintiff failed to challenge the reasons the ALJ provided for rejecting the opinion and, instead, gave reasons the opinion should have been accepted. ECF No. 12 at 14.

The ALJ's first reason for rejecting the opinion, that it was based on a

different evaluation criterion, is not germane. An ALJ is required to consider opinions from medical sources who are not acceptable medical sources. 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1). While the criteria for being 'disabled' under one program may differ from that of another program, the medical opinion itself must be considered independent from the criteria. Therefore, this is not a reason to reject the opinion. However, any error resulting from this reason would be harmless, as the ALJ has provided a legally sufficient reason to reject the medical opinion. *See infra*.

The ALJ's second reason for rejecting the opinion, that it did not contain a function by function assessment of the claimant's functional abilities, is germane. Dr. Briggs was challenging the severity rating of the IME, not the functional analysis. Tr. 712. A Category 1 impairment is defined as "[n]o objective clinical findings are present. Subjective complaints may be present or absent," and a Category 3 is defined as "[m]ild cervico-dorsal impairment, with objective clinical findings of such impairment, with neck rigidity substantiated by X-ray findings of loss of anterior curve, narrowed intervertebral disc spaces and/or osteoarthritic lipping of vertebral margins, with significant objective findings of mild nerve root involvement." WAC 296-20-240. Nothing in these definitions speak to a functional analysis of Plaintiff's limitations and provide little insight into potential limitations. Therefore, the ALJ's reason is supported by substantial evidence and meets the germane standard.

### B. David A. Bullock, P.T.

On April 16, 2015 Mr. Bullock completed a Performance-Based Physical Capacities Evaluation. Tr. 993-1010. He opined that Plaintiff could sit for one and a half hours at a time for a total of five to six hours in an eight hour day, stand for two hours at a time for a total of seven to eight hours in an eight hour day, and walk for one minute at a time for a total of three to four hours in an eight hour day. Tr. 993. He opined that Plaintiff could seldomly lift thirty-five pounds from the

floor to her shoulder and only twenty-five pounds from her shoulder to overhead. *Id*. She could seldom/occasionally lift fifteen pounds from floor to her shoulder and only ten pounds from her shoulder to overhead. *Id*. He opined she could seldomly carry twenty-five pounds for twenty-five feet and seldom/occasionally carry ten pounds for twenty-five feet. *Id*. She could seldomly push and pull with forty pounds of force and could seldom/occasionally push and pull with twenty pounds of force. *Id*. All postural limitations were limited to occasional with the exception of reaching bilaterally overhead, which was limited to seldom/occasionally, and the operation of foot controls, which was not limited. *Id*. Mr. Bullock also stated that Plaintiff was unable to perform work as an agricultural sorter or office clerk. Tr. 1005. The ALJ gave the opinion little weight because (1) it was inconsistent with Plaintiff's overall medical records and (2) it was inconsistent with Plaintiff's report to Dr. Dougherty that she was able to sit, stand, and walk "okay." Tr. 27.

      The ALJ's first reason for rejecting the opinion, that it was inconsistent with Plaintiff's overall medical records, is germane. Inconsistently with the medical evidence is a germane reason to reject an opinion from a nonacceptable medical source. *See Molina*, 674 F.3d at 1111-12 (The ALJ's rejection of an opinion from a physician's assistant that the claimant became easily panicked and was unable to work as a result was discounted because it conflicted with an earlier assessment that the panic attacks were only intermittent.). The ALJ found that Plaintiff's medical records indicated that Plaintiff had 5/5 strength. Tr. 27. On November 18, 2011 she had normal strength in her shoulder, arm, foreman and hand muscles bilaterally. Tr. 643. On April 10, 2012 she had normal strength in her upper extremities bilaterally. Tr. 790-91. Plaintiff failed to challenge this reason and, instead, simply argued that Mr. Bullock's opinion should have been given more weight. ECF No. 12 at 14-15. Here, the ALJ set forth evidence he found to be inconsistent with the opinion, and Plaintiff failed to challenge that evidence.

Therefore, the Court will not disturb the ALJ's treatment of the opinion.

The ALJ's second reason for rejecting the opinion, that it was inconsistent with Plaintiff's report to Dr. Dougherty, is germane. On December 11, 2014, Plaintiff reported to Dr. Dougherty that "she can stand, sit and walk okay." Tr. 984. Once again, Plaintiff failed to challenge this reason provided by the ALJ, but simply argued that the opinion should have been given more weight. ECF No. 12 at 14-15. Therefore, the Court will not disturb the ALJ's treatment of the opinion.

**C.  Dr. Whitmont**

In March and April of 2016, Dr. Whitmont examined Plaintiff and completed a Psychological Report. Tr. 1104-10. He provided the following opinion regarding her functional limitations:

> Her somatic symptom disorder prevents her from being able to engage in most physical activities and all heavy lifting, pushing, reaching or pulling. Her depression reduces her drive, cognitive focus, ability to regularly complete an eight hour work day and 40 hour work week. Her anxiety disorder interferes with her ability to interact with other workers without being a distraction, to respond to input from supervisors, to concentrate on vocational retraining.

Tr. 1110. Dr. Whitmont then completed a Mental Residual Functional Capacity Assessment on August 2, 2016 opining that Plaintiff had two extreme limitations, two marked limitations, and two moderate limitations. Tr. 1114-15. The ALJ assigned the opinion little weight because (1) it was based on Plaintiff's subjective complaints, and (2) it was inconsistent with the observations by Dr. Friedman, Dr. Torres-Sáenz, and Dr. Dougherty. Tr. 20.

Dr. Whitmont is an examining psychologist whose opinion is contradicted in the record.[4] Therefore, the ALJ was required to provide specific and legitimate reasons for rejecting his opinion. *See* 20 C.F.R. §§ 404.1502(a), 416.902(a)

---

[4]Other examining psychologists concluded that Plaintiff did not have a psychological diagnosis. Tr. 624-25, 980-81, 989.

(licensed psychologists are acceptable medical sources); *Lester*, 81 F.3d at 830-31 (To reject the opinion of an acceptable medical source who treats or examines a claimant, an ALJ is required to provide clear and convincing reasons if the opinion is uncontradicted and specific and legitimate reasons if the opinion is contradicted.).

The ALJ's first reason for rejecting the opinion, that it was based on Plaintiff's subjective complaints, is specific and legitimate. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ found that Plaintiff reported to Dr. Whitmont that most of her depression was caused by no longer being enrolled in school, but other evidence showed that she had withdrawn in 2014 and had reported doing fine psychologically shortly after the withdrawal. Tr. 20. The ALJ concluded that this inconsistency demonstrated that Dr. Whitmont relied more heavily on Plaintiff's subjective statements than the objective evidence.

Plaintiff reported to Dr. Whitmont that "[s]he is upset because she did what she was told to do, seek retraining and return to work, but it didn't work out," she reported her life as "a mess," and described herself as overwhelmed and lonely. Tr. 1105. However, in the December 2014 she stated to Dr. Dougherty that "[s]he had problems with depression after having to quit school because of her pain syndrome. Her mood is generally okay now. She is not had [sic.] any episodes of anxiety since this summer. She has been in a normal mood for at least 3 months." Tr. 985. These inconsistent reports by Plaintiff demonstrate that this outlying opinion by Dr. Whitmont could be based more heavily on Plaintiff's self reports. Therefore, the ALJ's reason is supported by substantial evidence and is legally sufficient.

The ALJ's second reason for rejecting the opinion, that it was inconsistent with the observations of other psychologists, is specific and legitimate. Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting a psychologist's opinion. *Batson*, 359 F.3d at 1195. Dr. Whitmont's opinion that Plaintiff had moderate, marked, and extreme limitations as a result of her mental health impairments is inconsistent with the observations and conclusions of Dr. Friedman, Dr. Torres-Sáenz, and Dr. Dougherty. Dr. Friedman found that Plaintiff did not "meet criteria for a formal Axis I diagnosis," and stated that "from a psychiatric standpoint, she is capable of employment without restriction." Tr. 624-25. Dr. Torres-Sáenz opined that Plaintiff "did not report any symptoms that would qualify as having any type of psychiatric disorder." Tr. 980-81. Likewise, Dr. Dougherty concluded that Plaintiff had no psychological diagnosis and that "[s]he appears to be functioning well psychologically." Tr. 989. Therefore, the Court will not disturb the ALJ's treatment of Dr. Whitmont's opinion.

### 4. Step Five

Plaintiff argues that the ALJ presented an incomplete hypothetical to the vocational expert due to failing to find her mental health impairments severe at step two and failing to properly address Plaintiff's symptom statements and the opinions of Dr. Briggs, Mr. Bullock, and Dr. Whitmont. ECF No. 12 at 16-18. Because the Court has found there was no harmful error in the ALJ's step two determination, his treatment of Plaintiff's symptom statements, and his treatment of the opinions from Dr. Briggs, Mr. Bullock, and Dr. Whitmont, *see supra*, this Court will not disturb the ALJ's step five determination.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED May 24, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE